

U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

June 9, 2006

**Via Facsimile (202-208-7515)**
**and First-Class Mail**
Tony W. Miles, Esq.
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004

**FILED**

JUN 2 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re:    United States v. Brian A. Koonce
       *Case No. 06-85*

Dear Mr. Miles:

This letter sets forth the full and complete plea offer to your client, Mr. Brian A. Koonce. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia (hereinafter "the government" or "this Office" or "USAO-DC"). This plea offer will expire on June 20, 2006.    Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1.    **Charges:** Mr. Koonce agrees to plead guilty to Count 3 of the Indictment; that is, Mail Fraud in violation of 18 U.S.C. § 1341. It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Mr. Koonce and will be entered in accordance with Federal Rule of Criminal Procedure 11. Mr. Koonce will agree to a "Statement of the Offense" which fairly and accurately describes Mr. Koonce's actions and involvement in the crime. At the time of the plea agreement, Mr. Koonce will sign and adopt the Statement of Offense, and at the time of the Rule 11 plea hearing plea, Mr. Koonce, while under oath, will adopt the Statement of the Offense as a written proffer of evidence. The government will move to dismiss the remaining counts of the Indictment at sentencing. Mr. Koonce agrees that the counts to be dismissed at the time of sentencing were based in fact and would not provide a basis for any future claims under the "Hyde Amendment," 28 U.S.C. § 2412, and thus, specifically agrees not to file any claim under that law.

2.    **Potential penalties, assessments, and restitution:**    Mr. Koonce understands that

the statutory maximum sentence that can be imposed for Mail Fraud in violation of 18 U.S.C. § 1341 is 5 years imprisonment, a fine of $250,000 or twice the amount of the pecuniary gain of the defendant or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentences, Mr. Koonce understands that the sentence to be imposed in this case will be determined by the Court, guided by the factors enumerated in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2001) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Mr. Koonce understands that this sentence, including the applicable sentencing guidelines range, as further limited by paragraph 4 below, will be determined solely by the Court.

      3.     **Federal Sentencing Guidelines**: The parties agree that based on the facts currently known to the government, the following is a correct calculation of all relevant Sentencing Guideline factors:

| | | | |
|---|---|---|---|
| 2B1.1(a) | Base Offense Level | | 6 |
| 2B1.1(b)(1) | Loss greater than $15,000 | | 4 |
| | | Sub-Total: | 10 |
| 3E1.1(a) | Acceptance of responsibility | | -2 |
| | | Total: | 8 |

In the event that this plea offer either is not accepted by Mr. Koonce or is accepted by Mr. Koonce but the guilty plea either is rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

      4.     **Sentence**: Pursuant to Rule 11(c)(1)(C), the parties will ask the Court to impose a sentence of probation. In addition, the parties agree that Mr. Koonce will pay restitution in the amount of $19,289.03, and that this amount is the amount of restitution due to the victims as a result of Mr. Koonce's criminal conduct. The Government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present this condition of the plea agreement between the parties to the Court for its approval. If the Court accepts the sentence of probation and the restitution amount, then the Court will embody in the judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(3) of the Federal Rules of Criminal Procedure. The parties understand, however, that, in light of other factors, the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Mr. Koonce understands that, if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement and

will afford him an opportunity to withdraw the plea, or if he persists in the guilty plea, will inform your client that a final disposition may be less favorable to him than that contemplated by this agreement. The parties understand that this sentence may be either higher or lower than the Federal Sentencing Guideline range as calculated by the United States Probation Office. Nevertheless, the parties agree that they will recommend to the Court that, pursuant to Federal Sentencing Guidelines Section 6B1.2(c)(2), there are justifiable reasons for the Court to accept the agreed-upon sentence.

5.    **Financial Arrangements:** Mr. Koonce agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100.00, to cover the special assessment, as required in 18 U.S.C. § 3013; he also agrees to pay agreed upon restitution in the amount of $19,289.03. Mr. Koonce also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

6.    **Government Concessions:** In exchange for his guilty plea, the government agrees not to oppose a two-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, provided that Mr. Koonce continues to show his acceptance of responsibility, as set forth in U.S.S.G. § 3E1.1, by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the government will not bring any additional criminal charges against Mr. Koonce in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offenses outlined in the attached Statement of Offense. This agreement not to prosecute Mr. Koonce does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Koonce.

7.    **Reservation of Allocution:** Except as limited by paragraph 4 above, the government reserves its full right of allocution, including, among others things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Mr. Koonce's criminal activities, subject to the provisions of the following paragraph.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

8.      **Breach of Agreement:**  Mr. Koonce agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, and/or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement.  Moreover, if during an investigation or prosecution Mr. Koonce should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the government may prosecute him for these offenses to the fullest extent provided by law.  In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Koonce's release (for example, should Mr. Koonce commit any conduct after the date of this agreement that would form the basis for an increase in Mr. Koonce's offense level or justify an upward departure -- examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court -- the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Mr. Koonce will not have the right to move to withdraw the guilty plea; (c) Mr. Koonce shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use against Mr. Koonce, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

In the event of a dispute as to whether Mr. Koonce has breached this agreement, and if Mr. Koonce so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

9.      **USAO-DC's Criminal Division Bound:**  Mr. Koonce understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia.  This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other federal prosecutor.  It also does not bar or compromise any federal civil, tax, or administrative claim pending or that may be made against Mr. Koonce.

10.      **Complete Agreement:**  No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Koonce, Mr. Koonce's counsel, and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Koonce may indicate his assent by signing the agreement in the space indicated below and returning the original to the undersigned Assistant United States Attorneys once it has been signed by Mr. Koonce and his counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
United States Attorney

By:

DAVID CAREY WOLL, JR.
Assistant United States Attorney
Fraud and Public Corruption Section
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-4250

5

I have read this plea agreement, consisting of six pages, and have discussed it with my attorney. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 6/22/06

Brian A. Koonce
Defendant

I have read each of the six pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 6/22/06

Tony W. Miles
Attorney for Defendant